977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re David M. FULLMER and Linda L. Fullmer, Debtors,
In re David M. FULLMER and Linda L. Fullmer, Debtors/Appellant,
v.
Stephen W. RUPP, Trustee/Appellee,
 No. 91-4090.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1992.
 
 1
 Before EBEL, and McWILLIAMS, Circuit Judges, and EISELE, District Judge*.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 EISELE, District Judge.
 
 
 4
 The debtors in this bankruptcy case, David and Linda Fullmer, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 6, 1989. They claimed an exemption for the ERISA retirement plans in which Mr. Fullmer had acquired an interest during his employment with United Savings/Western Mortgage. The Fullmers argued that under 11 U.S.C. § 541(c)(2),[1] interests in ERISA plans should be exempted from the bankruptcy estate. The bankruptcy trustee disagreed and challenged this exemption.
 
 
 5
 The Bankruptcy Court, after conducting a hearing, ruled in favor of the trustee and denied the Fullmers the exemption they had claimed for the ERISA plans. The Fullmers appealed that decision to the District Court for the District of Utah, which affirmed the Bankruptcy Court's decision. This appeal followed.
 
 
 6
 On December 5, 1991, after the parties here had filed their briefs, this Court issued its decision in In re Harline, 950 F.2d 669 (10th Cir.1991), cert. denied, 112 S.Ct. 2991 (1992), where it addressed the same issue presented here. Harline held "that a tax-qualified ERISA pension or profit sharing plan is exempt from the bankruptcy estate under § 541(c)(2)." Id., 950 F.2d at 674.
 
 
 7
 In light of this recent and controlling precedent, this Court would normally have promptly ruled in favor of the Fullmers. However, at the time the case was submitted for argument, the Supreme Court had granted certiorari in Shumate v. Patterson, 943 F.2d 362 (4th Cir.1991), cert. granted, 112 S.Ct. 932 (1992), a case raising the same question that was decided in Harline; additionally, a petition for certiorari was pending in Harline itself. Therefore, we reserved ruling here pending the Supreme Court's decisions. The Supreme Court has now decided Shumate, 112 S.Ct. 2242 (1992), where it affirmed the view that we took in Harline. The petition for certiorari in Harline has been denied. Supra.
 
 
 8
 Shumate and Harline answer the question raised on this appeal in favor of the debtor-appellants. Therefore, district court's decision in favor of the bankruptcy trustee is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable G. Thomas Eisele, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 541(c)(2), a provision of the Bankruptcy Code, provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."